IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SEAN M. PRICE,

    Petitioner,

v.                                Civil Action No. 5:14CV27
                                (Criminal Action No. 5:11CR29)
UNITED STATES OF AMERICA,               (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

I.  Background[1]

The petitioner Sean M. Price, acting pro se,[2] filed his motion to vacate, set aside or correct sentence by a person in federal custody under 28 U.S.C. § 2255 ("§ 2255") while incarcerated at FCI Williamsburg. The petitioner was initially sentenced to 120 months imprisonment after pleading guilty to use of a computer to view or access child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The petitioner timely appealed his sentence, which the United States Court of Appeals for the Fourth Circuit affirmed.

---

[1] All citations to the record refer to the criminal action number associated with this civil action.

[2] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

In his petition, the petitioner asserts that his Sixth Amendment right to effective assistance of counsel and Fifth Amendment right against self-incrimination were violated.

As to the ineffective assistance of counsel claims, the petitioner asserts the following: (1) that defense counsel failed to ensure petitioner fully understood the federal sentencing guidelines and the rights petitioner waived by pleading guilty; and (2) that defense counsel ineffectively represented him by not requesting that petitioner undergo an independent mental evaluation. ECF No. 57 at 5 and 10. Concerning the right against self-incrimination claims, the petitioner asserts the following: (1) petitioner was forced to incriminate himself "under duress and during a psychotic non-medicated state;" and (2) that petitioner was "coerced into pleading guilty by promises and misleading statements of possible lesser sentences" made by defense counsel. ECF No. 57 at 6 and 8.

After receiving a response from the government, United States Magistrate Judge Robert W. Trumble entered a report and recommendation. In that report and recommendation, the magistrate judge recommends that this Court deny the petitioner's motion and dismiss the civil action with prejudice. More specifically, Magistrate Judge Trumble found that the petitioner's ineffective assistance of counsel claims failed to satisfy the standard under Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Further,

the magistrate judge determined that the petitioner's plea was knowingly and voluntarily made, and thus, petitioner's self-incrimination claims lacked merit.

For the reasons set forth below, the report and recommendation of the magistrate judge (ECF No. 6; Civil Action No. 5:14CV27) is AFFIRMED AND ADOPTED. Further, the petitioner's motion under § 2255 (ECF No. 1; Civil Action No. 5:14CV27) is DENIED and petitioner's claims are DISMISSED WITH PREJUDICE.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to findings where no objections were made, such findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

## III. Discussion

The petitioner did not file objections to the magistrate judges' findings. Therefore, this Court will review the petitioner's claims under a clearly erroneous standard of review.

3

Thus, the findings of the magistrate judge will be upheld unless "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States Gypsum Co., 333 U.S. at 395. This Court will first address petitioner's claims under the Sixth Amendment and then turn to his claims under the Fifth Amendment.

A.  Petitioner's Sixth Amendment Ineffective Assistance of Counsel Claims Lack Merit

After reviewing the petitioner's claims, the magistrate judge correctly found that petitioner's claims under the Sixth Amendment are without merit.

In order to prove a claim for ineffective assistance of counsel, the petitioner must satisfy the standard as set forth in Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The holding in Strickland requires that the petitioner "demonstrate both that his counsel's performance fell below the standard of objective reasonableness and that the deficient performance was prejudicial to his defense." United States v. Mason, 774 F.3d 824, 828 (4th Cir. 2014) (citing Strickland, 466 U.S. at 687-88). Under the Strickland standard, the petitioner must first show "that counsel's performance was deficient", and second, "that the deficient performance prejudiced the defense." Id. These two prongs are commonly referred to as the "performance" and "prejudice" prongs. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

The magistrate judge found that petitioner's Sixth Amendment claims alleging violations of his right to effective assistance of counsel lacked merit. The magistrate judge cites and quotes the transcript from the petitioner's plea hearing. The record shows that this Court thoroughly reviewed each right petitioner would waive by pleading guilty during the Rule 11 plea hearing. Moreover, the petitioner, who was under oath, affirmed that he understood his rights and the consequences of his guilty plea. See ECF No. 46.

The record also shows that the petitioner has not offered any proof that satisfies the standard as set forth in Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The holding in Strickland requires that the petitioner "demonstrate both that his counsel's performance fell below the standard of objective reasonableness and that the deficient performance was prejudicial to his defense." United States v. Mason, 774 F.3d 824, 828 (4th Cir. 2014) (citing Strickland, 466 U.S. at 687-88). During the petitioner's plea hearing, this Court asked the petitioner whether he believed his counsel "adequately and effectively represented" him throughout the criminal action, to which the petitioner answered, "Yes, sir." ECF No. 46. at 23:19-24:23. This Court also asked the petitioner whether he believed that his counsel "left anything at all undone that you think he should have done on your behalf," to which he responded, "No, sir." Id. All of those statements and responses,

5

as well as other similar exchanges, were made under oath before this Court. As the Supreme Court of the United States has stated, "[s]olemn declarations in open court carry a strong presumption of verity" in the plea hearing context. Blackledge v. Allison, 431 U.S. 63, 74 (1977). Looking at the under-oath statements by the petitioner at his plea hearing, it is clear that he attested to not only his understanding of the proceedings, but also the effectiveness of his counsel. Petitioner fails to allege any other circumstances explaining why the allegations in the petition contradict his statements at the plea hearing. Moreover, the petitioner fails to meet his burden under the Strickland two-pronged test. Therefore, this Court finds no clear error in the magistrate judge's analysis of petitioner's claims of ineffective assistance of counsel, and thus, finds that petitioner's first ground for relief is without merit and is denied. Based on the record and law discussed above, the petitioner's ineffective assistance of counsel claims must be dismissed and the findings of the magistrate judge are affirmed and adopted.

B.  Petitioner's Fifth Amendment Right Against Self-Incrimination Claims Lack Merit

After reviewing the record and the parties' filings, the magistrate judge correctly found that petitioner's Fifth Amendment claims alleging violation of his right against self-incrimination are without merit.

6

In Blackledge v. Allison, 431 U.S. 63 (1977), the Supreme Court of the United States stated that a "defendant's sworn representations made at a Rule 11 plea hearing carry a strong presumption of verity and constitute a formidable barrier against any subsequent collateral proceedings." Blackledge, 431 U.S. at 74. The Court further stated that a less stringent rule would "allow indiscriminate hearings in federal post-conviction proceedings . . . [and] would eliminate the chief virtues of the plea system–speed, economy, and finality." Id. at 71.

More generally, the Fifth Amendment protects against compelled self-incrimination and is not at issue in the case at hand. Here, the petitioner's claims regarding compelled self-incrimination are misguided. The issue at hand concerns sworn representations made at a Rule 11 plea hearing that carry a strong presumption of verity. See id. at 74. Petitioner ultimately fails to allege any facts to support his claim. Instead, petitioner asks the Court to accept on its face his unsupported generalized assertion that he was forced to incriminate himself. Petitioner's allegations directly contradict his sworn statements at the Rule 11 plea hearing. Petitioner testified during the plea hearing that he had not been coerced into entering his plea and that he was able to both understand and participate in the proceedings. See ECF No. 46 at 5:3-9; 23:19-22. Based on his statements under oath, the petitioner's plea was knowingly and voluntarily made.

7

This Court finds no error in the magistrate judge's analysis of petitioner's claims alleging violations of his Fifth Amendment rights. Based on the record and law discussed above, the findings of the magistrate judge are AFFIRMED AND ADOPTED, and the petitioner's claims are DISMISSED.

IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 6; Civil Action No. 5:14CV27) is AFFIRMED AND ADOPTED. Accordingly, the petitioner's motion under § 2255 (ECF No. 2; Civil Action No. 5:14CV27) is DENIED and petitioner's claims are DISMISSED WITH PREJUDICE.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil

8

Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: June 7, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE